William D. Brandt, OSB #720366
494 State Street, Suite 300B
Salem, OR 97301
Phone: (503)485-4168
Email: Bill@BrandtLawOffices.com

    Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| BRYNDON ULMER, | |
| Plaintiff, | Case No. 6:21-cv-1100 |
| vs. | COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (FEDERAL ANTI-LIEN STATUTE) |
| OREGON, DEPARTMENT OF HUMAN SERVICES, an agency of the State of Oregon; FARIBORZ PAKSERESHT, Director of the Oregon Department of Human Services; THE OREGON HEALTH AUTHORITY, an agency of the State of Oregon; and THERESA ARENDELL, | JURY TRIAL REQUESTED |
| Defendants. | |

### JURISDICTION AND VENUE

1.

    This court has jurisdiction of these claims pursuant to 41 U.S.C. § 1396(p) and 42 U.S.C.

§ 1983 and jurisdiction pursuant to 28 U.S.C. § 1331.

////

Page 1 – COMPLAINT

PARTIES

2.

At all times material and relevant herein, defendant Department of Health and Human Services (hereinafter referred to as "DHS") was an agency of the State of Oregon. One of defendant's responsibilities is recovering medical liens for residents of this state.

3.

At all times material and relevant herein, defendant Fariborz Pakseresht was the director of the Oregon Department of Health and Human Services.

4.

At all times material and relevant herein, defendant Oregon Health Authority (hereinafter referred to as "OHA") was an agency of the State of Oregon.

5.

At all times material and relevant herein, defendant Theresa Arendell (hereinafter referred to as "Arendell") was the Personal Injury Liens Coordinator for DHS.

FACTS

6.

On or about May 24, 2017, plaintiff was traveling in his private vehicle in the company of a friend on State Route SR42 South at or near mile post 7 near the intersection of Lampa Lane in Coos County, Oregon, headed from Coquille to Bandon, Oregon, to spend some time with his friend and exercise their dogs. On that day, the weather was sunny and nice with minimal winds.

7.

While traveling on SR42S, plaintiff's vehicle was struck by a large evergreen tree which fell from a steep embankment alongside the roadway impacting and severely damaging

plaintiff's vehicle and causing plaintiff severe and permanent injuries including, but not limited to, paralysis of his arms and legs.  As a result of his injuries, plaintiff required, and still requires extensive medical treatment.

8.

During the time of his treatment, plaintiff qualified for medical benefits under the Medicaid program administered within the State of Oregon by defendant DHS.

9.

Defendant DHS imposed a lien upon plaintiff's settlement proceeds in the amount of $471,257.47 pursuant to ORS 416.540.

10.

Neither plaintiff nor his passenger had any responsibility or did anything inappropriate in causing this accident.

11.

The law offices of William D. Brandt, PC and Stritmatter Kessler Koehler Moore represented plaintiff in the underlying tort action.  The law firm of William D. Brandt, PC has its primary office handling this case in Salem, Oregon.

12.

Plaintiff filed a lawsuit against the Oregon Department of Transportation, Coos County Oregon, and Jensen's Tree Service who had been contracted by the State of Oregon to clear dangerous trees and brush from the right-of-way as well as outside the right-of-way.  (Coos County Case No. 19CV19963.)

13.

Plaintiff was successful in recovering what can only be described as a nominal sum given the massive injuries suffered by plaintiff.  Plaintiff recovered $50,000 from the State of Oregon, $50,000 from Coos County, and $650,000 from Jensen's Tree Service for a total of $750,000. Plaintiff's damages greatly exceed the amount of compromised settlement, which amount was influenced by serious issues of liability as well as monetary limitations based on the insurance policy involved and monetary limits imposed by the State of Oregon Tort Claims Act.  The settlement sums were paid in full and complete settlement of all claims of any nature, whether past or future, arising out of plaintiff's injuries in this occurrence.

14.

The parties entered into two separate Settlement Agreements, copies of which are attached hereto as Exhibits A and B.  The Settlement Agreements specifically provide that none of the monies being paid were paid for past medical expenses, wage loss or other out-of-pocket expenses.  According to the expert testimony presented, plaintiff's cost of care will exceed $14,000,000 throughout his lifetime, if not substantially more.

15.

Defendant DHS has imposed a lien on plaintiff's settlement in the amount of $471,257.47.  The settlement monies were specifically designated to improve plaintiff's future quality of life by providing, after costs, fees and expenses, sufficient money to allow him to have a residence and automobile specifically equipped for his needs.

16.

Significant correspondence has taken place between William D. Brandt PC and defendants concerning a subrogation claim by the defendant. All of that correspondence has been from and to the law office of William D. Brandt PC in Salem, Oregon.

17.

Defendant DHS transacted business in Marion County, Oregon.

18.

The disputed funds are being held by the Department of Justice pursuant to an agreement between plaintiff's counsel and defendants.

19.

This court has jurisdiction over this matter because it involves enforcement of federal statutes, 41 U.S.C. § 1396 *et seq.* (i.e. Medicaid). This includes but is not limited to 41 U.S.C. § 1396p(a)(1), which is Medicaid's anti-lien provision.

20.

The United States Supreme Court has analyzed the issue of the right of a state to enforce a lien or right of subrogation for Medicaid payments made to a recipient who has maintained a tort claim against a tortfeasor. In *Arkansas Dept. of Health and Human Services v. Ahlborn*, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006), the syllabus by the Reporter of Decision states:

> (a) Arkansas' statute finds no support in the federal third-party liability provisions. That ADHS cannot claim more than the portion of Ahlborn's settlement that represents medical expenses is suggested by § 1396k(a)(1)(A), which requires that Medicaid recipients, as a condition of eligibility, 'assign the State any rights …*to payment for medical care* from any third party' (emphasis added), not their rights to payment for, *e.g.*, lost wages. The other statutory language ADHS relies on is not to the contrary, but reinforces the assignment provision's implicit limitation. First, statutory context shows that

§ 1396a(a)(25)(B)'s requirement that States 'seek reimbursement for [medical] assistance *to the extent of such legal liability*' refers to 'the legal liability of third parties …*to pay for care and services available under the plan*,' § 1396a(a)(25)(A) (emphasis added). Here, because the tortfeasors accepted liability for only one-sixth of Ahlborn's overall damages, and ADHS has stipulated that only $35,581.47 of that sum represents compensation for medical expenses, the relevant 'liability' extends no further than that amount. Second, § 1396a(a)(25)(H)'s requirement that the State enact laws giving it the right to recover from liable third parties 'to the extent [it made] payment … for medical assistance for health care items or services furnished to an individual' does not limit the State's recovery only by the amount it paid out on the recipient's behalf, since the rest of the provision makes clear that the State must be assigned 'the rights of [the recipient] to payment by any other party *for such health care items or services*.' (Emphasis added.) Finally, § 1396k(b)'s requirement that, where the State actively pursues recovery from the third party, Medicaid be reimbursed fully from 'any amount collected by the State under an assignment' before 'the remainder of such amount collected' is remitted to the recipient does not show that the State must be paid in full from any settlement. Rather, because the State's assigned rights extend only to recovery of medical payments, what § 1396k(b) requires is that the State be paid first out of any damages for medical care before the recipient can recover any of her own medical costs. Pp.1760-1762.

(b) Arkansas' statute squarely conflicts with the federal Medicaid law's anti-lien provision, § 1396p(a)(1), which prohibits States from imposing liens 'against the property of an individual prior to his death on account of medical assistance paid … on his behalf under the State plan.' Even if the State's lien is assumed to be consistent with federal law insofar as it encumbers proceeds designated as medical payments, the anti-lien provision precludes attachment or encumbrance of the remainder of the settlement. ADHS' attempt to avoid the anti-lien provision by characterizing the settlement proceeds as not Ahlborn's 'property,' but as the State's, fails for two reasons. First, because the settlement is not 'received from a third party,' as required by the state statute, until Ahlborn's chose in action has been reduced to proceeds in her possession, the assertion that any of the proceeds belonged to the State all along lacks merit. Second, the State's argument that Ahlborn lost her property rights in the proceeds the instant she applied for medical assistance is inconsistent with the creation of a statutory lien on its own property. Pp. 1762-1764.

21.

The due process clauses of the Fifth and Fourteenth Amendments of the United States

Constitution demand that a deprivation of property be preceded by notice and opportunity for an

appropriate hearing as to the nature of the case.

22.

The due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution prohibit the taking of private property without just compensation.

23.

The Personal Rights Clause of the Oregon State Constitution prohibits the taking of private property without due process of law.

24.

Plaintiff received medical care from numerous medical care providers, including Moda Health–EOCCO, Performance Health Technology, Advanced Health and Trillium Community Health Plan. All the care providers have either waived their liens or assigned enforcement of their liens to the defendants.

25.

On or about January 21, 2021, William D. Brandt wrote to defendant requesting that the lien be waived. A copy of that letter is attached hereto as Exhibit 1.

26.

On or about February 16, 2021, William D. Brandt wrote to defendants concerning the lien. A copy of the letter is attached hereto as Exhibit 2.

27.

Defendant State of Oregon has had access to and has reviewed voluminous medical records regarding plaintiff's medical history and prognosis.

28.

DHS has offered to settle or compromise the lien for $353,630.60. The proposal made by DHS is contrary to the analysis of the US Supreme Court in _Arkansas Dept. Of Health & Human Services v Ahlborn_. Plaintiff has filed this action for declaratory relief.

29.

The amount of the settlement that was obtained in this case was a mere fraction of the actual damages suffered by plaintiff.

30.

The due process clause of the Fifth and Fourteenth Amendments of the United States Constitution demand that a deprivation of property be preceded by notice and opportunity for an appropriate hearing as to the nature of the case.

LEGAL ANALYSIS

31.

Oregon's lien law violates the federal anti-lien statute, 42 U.S.C. § 1396p(a)(1) and are unauthorized and invalid under the _Ahlborn_ decision.

32.

Defendant is estopped from taking a position contrary to that taken by the State of Oregon with respect to the settlement agreement which specifically provided that no part of the settlement funds were intended to pay for past or future medical expenses or wage loss.

33.

In this case, there were three tortfeasors, the State of Oregon, Coos County and Jensen's Tree Service. Defendants seek to be reimbursed from portions of the third party recovery by plaintiff that was not for medical expenses. In fact, none of the settlement monies were paid for

medical expenses, lost wages or other economic damage.  Defendants' position would give them

an unjustified windfall at plaintiff's expense.  Defendants' position is that it is entitled to share in

damages for what it has not provided compensation, i.e. lost wages, lost earnings, future

capacity, future medical expenses, value of family services, other expenses, pain and suffering,

disability, disfigurement, loss of enjoyment of life.  Defendants' position would create a

fundamentally unjust result.

34.

Defendants have failed to take into consideration ORS 416.600 which provides:

> When the Department of Human Services or the Oregon Health Authority determines that
> a recipient will incur additional medical, surgical or hospital expenses or that additional
> assistance will have to be given to the recipient after the date of satisfaction of judgment
> or payment under a settlement or compromise, the department or the authority may
> release any portion of its lien to the extent of such anticipated expenses and assistance.

Since plaintiff's future care plan far exceeds $14 million, there is no doubt that plaintiff will

incur additional medical, surgical and hospital expenses and that additional assistance will have

to be given to plaintiff after the date of the settlement.  Accordingly, defendant may release any

portion of its lien to the extent of such anticipated expenses and assistance.

35.

The statutory scheme by which Defendant asserts its lien fails to give injured parties

adequate notice that any third party settlement funds paid as compensation for damage elements

other than incurred medical expenses are subject to a lien to reimburse Defendant for its partial

payment of medical expenses.  See U.S. Const. amends. V and XIV.

36.

The statutory scheme by which Defendant asserts its lien constitutes the taking of private

property without just compensation when it seeks to impose a lien on third party settlement

funds that compensate a plaintiff for elements of damages other than incurred medical expenses.

See U.S. Const. amends. V and XIV.

Wherefore, Plaintiff prays for judgment as follows:

A.    For a determination that ORS 416.540 *et seq*. are not authorized under the federal
Medicaid law's anti-lien provision and are invalid.

B.    For a determination that the statutory scheme by which Defendant asserts its lien
violates the U.S. Constitution, Amendments V and XIV.

C.    For a determination that Defendant has no enforceable lien/subrogation right
against Plaintiff.

D.    For Plaintiff's costs and disbursements herein, including without limitation, his
cost of filing and service in this matter.

E.    For an award of attorney's fees for having to bring this action.

F.    For such further relief as the court deems just.

DATED this 27th day of July, 2021.

s/ William D. Brandt

_____

William D. Brandt, OSB #720366
Attorney for Plaintiff