IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRYNDON ULMER,

        Plaintiff,

   v.

OREGON DEPARTMENT OF HUMAN
SERVICES; FARIBORZ PAKSERESHT;
OREGON HEALTH AUTHORITY;
THERESA ARENDELL,

        Defendants.

Civ. No. 6:21-cv-01100-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on Defendants' Motion to Enforce Settlement. ECF No. 53. Plaintiff, who is currently self-represented, has not responded to the motion, nor has he appeared at any of the noticed hearings in this case. For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

    A district court has the equitable power to summarily enforce an agreement to settle a case pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Summary enforcement of a settle agreement is inappropriate "where material facts concerning the existence or terms of a settlement were in dispute, or where a settlement agreement was procured by fraud." *In re City Equities Anaheim, Ltd.*, 22

F.3d 954, 957 (9th Cir. 1994) (internal citations omitted). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

Under Oregon law, the determination of whether a contract exists is a question of law. *In re Marriage of Baldwin*, 215 Or. App. 203, 207 (2007). "The lack of a signed agreement is not dispositive" and "when parties agree on the essential terms of the contract and there is nothing left for future negotiations, the fact that they also intended there to be a future writing that expresses their agreement more formally does not affect the immediately binding nature of the agreement." *Id.* at 207-08.

"In determining whether a contract exists and what its terms are, we examine the parties' objective manifestations of intent, as evidenced by their communications and acts." *Ken Hood Constr. v. Pac. Coast Constr.*, 201 Or. App. 568, 578 (2006). The determination of whether a contract exists "does not depend on whether the parties had the same subjective understanding of their agreement . . . it depends on whether the parties agreed to the same, express terms of the agreement, and on whether those terms constitute an enforceable agreement." *City of Canby v. Rinkes*, 136 Or. App. 602, 611 (1995).

The parties need only agree on the essential or material elements of the contract, not on every possible term. *Pacificorp v. Lakeview Power Co.*, 131 Or. App. 301, 307 (1994). Material terms are those which go to the "substance of the contract

and, if breached, defeat the object of the parties in entering into the agreement." *Johnstone v. Zimmer*, 191 Or. App. 26, 34 (2003).

## DISCUSSION

In May 2017, Plaintiff was driving on a state road when a tree fell on his car, severely and permanently injuring him. Compl. ¶¶ 6-7. At the time of his injury, Plaintiff was covered by Medicaid, which was administered by Defendant Oregon Department Human Services ("DHS"). *Id.* at ¶ 8.

Plaintiff sued the Oregon Department of Transportation, Coos County, and the contractor who had been hired by the state to clear dangerous trees. Compl. ¶ 12. Plaintiff recovered a total of $750,000 in settlement of his claims. *Id.* at ¶ 13.

Pursuant to ORS 416.540, DHS imposed a lien of $471,257.47 upon Plaintiff's settlement proceeds. Compl. ¶¶ 9, 15. The disputed funds are being held in escrow by the Oregon Department of Justice. *Id.* ¶ 18. Plaintiff brought this action seeking a declaration that ORS 416.540 *et seq.* were invalid and for a determination that DHS has no enforceable lien.

On July 6, 2023, the Court granted a motion to withdraw filed by Plaintiff's attorney. ECF Nos. 19, 20, 21. Plaintiff, who was then proceeding *pro se*, did not appear at any of the scheduled status conferences in this case. The Court made efforts to secure pro bono representation for Plaintiff. Eventually, attorney Derek Johnson was able to make contact with Plaintiff and, on May 9, 2024, Mr. Johnson reported that Plaintiff had retained him as counsel. ECF No. 34.

Mr. Johnson engaged in settlement negotiations on behalf of Plaintiff and, on August 26, 2024, Mr. Johnsen sent a letter of Defendants' counsel Keith Bauer which stated:

> I have spoken with [Plaintiff] and am authorized to accept the State's settlement proposal of splitting evenly the funds at issue. I understand that, as of June 13, 2024, that figure was $511,430.83. I also understand that some additional interest has accrued since that time. Last we spoke you did not have an exact number, but that whatever the exact number was the parties would split it evenly. I explained that to [Plaintiff] and he authorized settlement on those terms.
>
> I am currently working with Attorney Chas Horner here in Eugene on a special needs trust. Our firm has worked with him in the past and are confident that we well be able to protect [Plaintiff]'s settlement monies and public assistance through a special needs trust.

Bauer Decl. Ex. 2. ECF No. 53.

Mr. Johnson subsequently reported to the Court that he had retained additional counsel to prepare a special needs trust, but that the additional counsel sent the trust documents directly to Plaintiff without notifying Mr. Johnson. Bauer Decl. After receiving the trust documents, Plaintiff stopped communicating with Mr. Johnson. *Id.* Mr. Johnson attempted to meet with Plaintiff in person at his living facility, but Plaintiff refused to meet with him. *Id.*

Mr. Johnson reported these developments to the Court and sought leave to withdraw, citing a breakdown in the attorney-client relationship. The Court granted Mr. Johnson's oral motion to withdraw at a hearing on January 15, 2025. ECF No. 40.

Plaintiff, once again proceeding *pro se*, has not appeared at any of the telephonic status conferences held after Mr. Johnson's withdrawal. ECF Nos. 41, 42,

44, 45, 50, 52. Mail sent to Plaintiff has been returned as undeliverable and Mr. Bauer has reported to the Court that Plaintiff has similarly refused to communicate with him. Defendants now move to enforce the settlement agreement.

Here, the Court is satisfied that a settlement agreement was reached between the parties as evidenced by Mr. Johnson's letter of August 26, 2024. In that letter, Mr. Johnson made clear that Plaintiff had accepted the proposal to split the funds held in escrow and that Plaintiff "authorized settlement on those terms." The Court is further satisfied that Mr. Johnson's August 26, 2024, letter set forth the material terms of the settlement, which were that the funds, including any accrued interest, were to be divided evenly between Plaintiff and DHS. The funds received by DHS would be taken in satisfaction of the DHS lien against Plaintiff's settlement in the prior lawsuit. The Court concludes that the parties reached a binding agreement as of August 26, 2024.

If a court determines that the parties reached a binding agreement, specific enforcement of that agreement is proper. *Pyle v. Wolf Corp.*, 354 F. Supp. 346, 360 (D. Or. 1972). The Court concludes that specific enforcement is warranted in this case.

Defendants are ORDERED to serve this Opinion and Order and a copy of the Settlement Agreement and Release attached as Exhibit 1 to the Bauer Declaration on Plaintiff. Plaintiff is ORDERED to execute the Settlement Agreement and Release within fourteen (14) days of the date of service, consistent with his agreement as memorialized in the August 26, 2024, letter from his prior attorney to Defendants'

counsel. Upon receipt of the executed release, the Court will enter judgment in this matter. Plaintiff is advised that failure to comply with the terms of this Order may result in sanctions, up to and including summary dismissal of his claims.

The parties are also ORDERED to appear by telephone at a status conference on August 20, 2025, at 11:00 a.m.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Enforce Settlement, ECF No. 53, is GRANTED. Defendants are directed to serve a copy of this Opinion and Order and the Settlement Agreement and Release attached as Exhibit 1 to the Bauer Declaration on Plaintiff. Plaintiff is ORDERED to execute the Settlement Agreement and Release within fourteen (14) days from the date of service.

The parties are further ORDERED to appear by telephone at a status conference on August 20, 2025, at 11:00 a.m. The telephone number for the status conference is 1-571-353-2301 (toll free 1-833-990-9400). The conference call ID is 902352749# and the conference access code is 2022#.

It is so ORDERED and DATED this ___15th___ day of July 2025.

    /s/Ann Aiken
ANN AIKEN
United States District Judge