IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRYNDON ULMER,                                          Civ. No. 6:21-cv-01100-AA

　　　　　　　　Plaintiff,                          **OPINION & ORDER**

　　　　v.

OREGON DEPARTMENT OF HUMAN
SERVICES; FARIBORZ PAKSERESHT;
OREGON HEALTH AUTHORITY;
THERESA ARENDELL,

　　　　　　　　Defendants.

_____

AIKEN, District Judge.

On July 15, 2025, the Court granted a motion to enforce settlement in this case. ECF No. 54. Defendants were ordered to serve the Order and a copy of the Settlement Agreement on Plaintiff and Plaintiff was ordered execute the Settlement Agreement within fourteen days of the date of service. The parties were ordered to appear at a hearing on August 20, 2025, to confirm that the Settlement Agreement was executed. Plaintiff was warned that failure to comply with the July 15 Order would result in the imposition of sanctions. Plaintiff did not appear at the hearing, nor did he execute the Settlement Agreement. The Court will therefore order the enforcement of the terms of the Settlement Agreement.

**LEGAL STANDARD**

A district court has the equitable power to summarily enforce an agreement to settle a case pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Summary enforcement of a settle agreement is inappropriate "where material facts concerning the existence or terms of a settlement were in dispute, or where a settlement agreement was procured by fraud." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (internal citations omitted). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

Under Oregon law, the determination of whether a contract exists is a question of law. *In re Marriage of Baldwin*, 215 Or. App. 203, 207 (2007). "The lack of a signed agreement is not dispositive" and "when parties agree on the essential terms of the contract and there is nothing left for future negotiations, the fact that they also intended there to be a future writing that expresses their agreement more formally does not affect the immediately binding nature of the agreement." *Id.* at 207-08.

"In determining whether a contract exists and what its terms are, we examine the parties' objective manifestations of intent, as evidenced by their communications and acts." *Ken Hood Constr. v. Pac. Coast Constr.*, 201 Or. App. 568, 578 (2006). The determination of whether a contract exists "does not depend on whether the parties had the same subjective understanding of their agreement . . . it depends on whether the parties agreed to the same, express terms of the agreement, and on whether those

terms constitute an enforceable agreement." *City of Canby v. Rinkes*, 136 Or. App. 602, 611 (1995).

The parties need only agree on the essential or material elements of the contract, not on every possible term. *Pacificorp v. Lakeview Power Co.*, 131 Or. App. 301, 307 (1994). Material terms are those which go to the "substance of the contract and, if breached, defeat the object of the parties in entering into the agreement." *Johnstone v. Zimmer*, 191 Or. App. 26, 34 (2003).

**ORDER ENFORCING SETTLMENT AGREEMENT**

Consistent with the terms of the Settlement Agreement in this case, the State of Oregon is ordered to pay Plaintiff Bryndon Ulmer a sum totaling one half (50%) of the funds held in the escrow account associated with this case. The remaining 50% of the funds held in the escrow account will be retained by Defendants in satisfaction of the State of Oregon's lien against Plaintiff's settlement proceeds.

Plaintiff is solely responsible for all attorney fees and costs incurred in this case and no additional sums of any nature shall be paid to Plaintiff. DAS shall complete Internal Revenue Service ("IRS") form 1099 and/or such other documents as may be required by taxing authorities.

Any claims whatsoever, including demands, actions, suits, causes of action, obligations, controversies, grievances, debts, costs, attorney fees, expenses, all form of damages, damages, losses, employee compensation, employee benefits, judgments, orders, liens, and liabilities of any, every and whatever kind or nature, whether in law, equity, or otherwise, whether based in contract, tort, statute, regulation, tariff,

rule, indemnification, contribution, or any other theory of recovery, whether known or unknown, whether suspected or unsuspected, and whether or not concealed or hidden, which have existed, or may have existed, or which do exist or which hereafter shall or may exist or may exist in the future, based on any facts, events, or omissions that in any manner or fashion relate to or arise out of Plaintiff's claims asserted in this lawsuit, or any claims which could have been asserted in this lawsuit by Plaintiff individually, or by his heirs, executors, successors, administrators and assigns, against the Defendants and the State of Oregon, and all of their respective offices, departments, agencies, divisions, and institutions, together with all of the State of Oregon's current and former officials, employees, managers, attorneys, and agents, whether elected or appointed, are hereby released, acquitted, and forever discharged. This includes any and all of Plaintiff's damages, including any damages, injuries and claims which are not anticipated and Plaintiff has waived and relinquished any and all rights under any law or statute to the contrary. This release includes any claim arising from the negotiation and attempted execution of the Settlement Agreement.

Plaintiff is to pay and satisfy all unsatisfied bills, charges, liens, subrogation rights, and reimbursement rights which are or may be presented or held by other persons or organizations having provided services, insurance benefits, or other things of value to himself or on his behalf as a result of the injuries and damages arising out of the transactions alleged in the matters described in the Complaint in this action, and he shall hold harmless from any such claims the parties being released, their agents, representatives, successors and assigns.

The consideration represented by the sums to be released to Plaintiff from the escrow account is a full and final compromise, satisfaction, and settlement of disputed claims and rights. This settlement is not an admission of liability or fault whatsoever, in whole or in part, for the incident by the parties released by this Order, their agents, or representatives. The parties released by this Order have expressly denied any liability or fault whatsoever, in whole or in part, for the incident giving rise to this action.

No party has warranted or represented how the United States Internal Revenue Service, Oregon Department of Revenue, or other governmental authority will treat the payment provided for in this Order for tax purposes and no further payment of money from the State of Oregon will be due to Plaintiff in the event that the payments or the release of claims covered by this Order is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. The State of Oregon, as part of its reporting requirements, may have to communicate with the IRS or other taxing authority, including submitting IRS Form 1099, or other applicable forms. The State of Oregon has reserved the right to respond to inquiries by the governmental authorities and to make any additional disclosures requested by the governmental authority or required by law. Plaintiff is to defend, indemnify, and hold harmless Defendants from any and all manner of liability if any should be imposed on the State of Oregon or Defendants or any individual or entity released by this Order regarding payment to Plaintiff under this Order. Upon receipt of written notification from the State of Oregon that

such liability has been imposed by the IRS or any other governmental authority and the amount thereof, Plaintiff is to fully remit such monies to the demanding entity within thirty (30) days from his receipt of such notification or upon any such terms as the demanding entity may permit. Plaintiff is solely responsible for the tax consequences of the payments made under this Order. Plaintiff is not to hold Defendants responsible for taxes due and Plaintiff is solely responsible for any resultant tax payments associated with this Order. Defendants are to notify Plaintiff of the receipt of any written notice of potential action by any tax authorities.

In any action, grievance, or claim Plaintiff may bring in the future based on alleged future wrongdoing (including, without limitation, discrimination or retaliation), by any Defendant, the State of Oregon, or any of their respective departments, agents, representatives, or employees, Plaintiff is not, under any circumstance, to offer or attempt to offer evidence, testimony, or argument relating to any alleged wrongful conduct which occurred before the date of this Order for the purpose of establishing the nature or amount of Plaintiff's damages. This Order shall constitute an absolute bar to the attempted admission of evidence, testimony, or argument for such purpose, but does not preclude Plaintiff from offering such evidence for any other permissible purpose (subject to admissibility under the rules of evidence and other applicable rules and authority). This prohibition includes but is not limited to notices of tort claims, circuit court actions, U.S. district court actions, administrative proceedings, BOLI proceedings (including complaints and any investigation), EEOC proceedings (including complaints and any investigation),

union grievances, and proceedings based on alleged violation of applicable Personnel Rules.

The Settlement Agreement enforced by this Order does not establish a precedent in the settlement of any current or future grievance, or other dispute among the parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce this Order. The Court will retain jurisdiction to enforce this Order.

In the event Plaintiff pursues a claim released pursuant to this Order, Defendants may plead this Order as an absolute defense. The Settlement Agreement and this Order do not operate to waive any right that may not legally be waived.

The Settlement Agreement and this Order are binding upon and shall inure to the benefit of the parties and their respective heirs, legal representatives, successors, and assigns.

A judgment of dismissal with prejudice and without further costs or further attorney fees will be entered in this action.

It is so ORDERED and DATED this ____22nd____ day of September 2025.


       /s/Ann Aiken
       ANN AIKEN
       United States District Judge